## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **MARK A. CAPOZZELLI** | § | |
| **and KARRI-ANN CAPOZZELLI** | § | |
| **Plaintiffs** | § | |
| | § | |
| **VS** | § | **CIVIL ACTION NO. 2:13-CV-00260** |
| | § | |
| **ALLSTATE INSURANCE COMPANY** | § | |
| **AND ENCOMPASS INSURANCE** | § | |
| **COMPANY OF AMERICA** | § | |
| **Defendants** | § | |

### PLAINTIFFS' FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES MARK A. CAPOZZELLI AND KARRI-ANN CAPOZZELLI**

hereinafter called "Plaintiffs" or "Capozzelli" and files this their First Amended Complaint against

Allstate Insurance Company and Encompass Insurance Company of America, hereinafter called

"Defendants" or "Allstate/Encompass", and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1.     Plaintiff, MARK A. CAPOZZELLI is a married individual residing at 231 Lake Shadows

Drive, Gun Barrel City, Texas and is a citizen of the State of Texas.  Plaintiff, KARRI-ANN

CAPOZZELLI is a married individual residing at 231 Lake Shadows Drive, Gun Barrel City, Texas

and is a citizen of the State of Texas.

2.     Defendant, Allstate Insurance Company ("Allstate"), is a Foreign Illinois Insurance

Company, which is active in and throughout Texas and is presently before the Court.

3.     Defendant, Encompass Insurance Company of America ("Encompass"), is a Foreign Illinois

**PLAINTIFFS' FIRST AMENDED COMPLAINT**                                    **Page 1**

Insurance Company, which is active in and throughout Texas and is presently before the Court.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction pursuant to the Americans With Disabilities Act of 1990 ("ADA"),

42 U.S.C. §12101, *et seq.*, as amended by the ADAAA and Title VII of the Civil Rights Act of 1964,

as amended.  Federal question jurisdiction is invoked pursuant to 28 U.S.C. §1331.  This is a

proceeding for legal and equitable relief available to secure the rights of Plaintiffs under the ADA

and Title VII.  Additionally, this Court has jurisdiction over the parties due to the fact that complete

diversity exists between the Plaintiffs and Defendants and involves an amount in controversy that

exceeds $75,000.00 as well as having jurisdiction over any and all pendant state law claims arising

out of the same transaction.

5.      Venue is proper in this cause under 28 U.S.C. §1391(c)(1) and (2) because Plaintiffs reside

in the Eastern District of Texas  All parties are subject to the Court's personal jurisdiction with

respect to this civil action.

## NATURE OF ACTION

6.      Plaintiff, Mark Capozzelli, was an insurance adjuster (automobile appraiser) for Allstate

Insurance Company and Encompass Insurance Company (related entities) and who was originally

hired on January 7, 1997.  Plaintiff, Karri-Ann Capozzelli, is the wife of Mark Capozzelli and she

has a community property interest in the wages, benefits, retirement plans, and other related earnings

of her husband Mark Capozzelli.  Mark Capozzelli held an "All Lines" insurance adjuster's license

which was issued by the Texas Department of Insurance.  Mark Capozzelli's original starting salary

was approximately $41,000.00 per year when hired by Allstate/Encompass.  His pay rate at the time

of his termination on March 7, 2011 was $66,072.00 per year.

**PLAINTIFFS' FIRST AMENDED COMPLAINT**                                    **Page 2**

7.      Mark Capozzelli worked as an appraiser for over twelve years without incident.  In 2009, Capozzelli fractured his tail bone, was medically treated, and returned to work.  In 2010, Capozzelli suffered from heart problems and was successfully treated by triple bypass surgery.  It was during this time that Capozzelli was diagnosed with Alzheimer's disease.  Despite these medical issues, Mark Capozzelli was awarded the Customer Service Award for outstanding "ERI" results in 2010. Defendants also recognized Capozzelli for "great" customer service and ranked his appraisals in the range of 90% to 100% satisfactory.

8.      Defendants then gave Mark Capozzelli the "Individual Contributor Performance Plan" under the Performance Management System.  Capozzelli scored 100% for the year 2010 as graded by Defendants.

9.      Mark Capozzelli was treated by Joe Mongare, M.D. at Athens Neurology on July 22, 2010. Dr. Mongare noted that Capozzelli was 51 years of age and that he started having "difficulty with gait and memory which started after his heart surgery in January".  Dr. Mongare's assessment was that Capozzelli had memory loss and an unsteady gait.

10.     On August 11, 2010, Capozzelli was admitted to Trinity Mother Frances Hospitals and Clinics for treatment by George W. Kariampuzha, M.D.  Capozzelli complained of "gait disturbance, memory loss, confusion" as noted in the medical records.

11.     Dr. Mongare assessed Capozzelli's condition on August 25, 2010 as being "memory loss" and "ataxia".

12.     A "whole body scan" was performed on Mark Capozzelli on or about September 23, 2010 at Trinity Mother Frances Hospitals & Clinics.  The scan finding was an "asymmetric frontal, temporoparietal regions".

**PLAINTIFFS' FIRST AMENDED COMPLAINT**                                             **Page 3**

13.     On November 16, 2010, Capozzelli was seen in a follow-up exam with Dr. Mongare wherein Dr. Mongare noted that Capozzelli denied the onset of new problems.  However, Dr. Mongare did add "[E]vidence of frontal lobe decreased" to his assessment.

14.     Mark Capozzelli was advised by multiple doctors that he was suffering from the on-set of Alzheimer's disease.

15.     As a result of this condition, Mark Cappozzelli suffered from the impairment of a major life activity in that it was not safe for him to drive a motor vehicle or operate heavy equipment.

16.     Mark Capozzelli made Defendants aware of his condition and requested a reasonable accommodation by allowing Karri-Ann Capozzelli to drive him to and from business appointments where he could perform his job as a claims adjuster.

17.     Defendants initially agreed to a reasonable accommodation and allowed Karri-Ann Capozzelli to drive Mark Capozzelli to his business appointments.  However, Defendants, on a quarterly basis, required the supervisors of claims adjusters to accompany the claims adjusters on their jobs. Defendants' supervisors were to observe and evaluate the claims adjuster's performance. Despite a reasonable accommodation being available, Defendants changed their position and Karri-Ann Capozzelli was not allowed to drive Mark Capozzelli and Ken Pitzel during the evaluation. Defendants reversed their original accommodation and then terminated Mark Capozzelli's employment.

18.     In early 2011, Defendants closed their office in Carrollton, Texas. Mark Capozzelli was then supervised from an office in Chicago, Illinois by Defendants' employee/supervisor Ken Pitzel.

19.     Ken Pitzel, in his role as Mark Capozzelli's supervisor, would not allow Karri-Ann Capozzelli to drive Mark Capozzelli when Pitzel was in the vehicle doing his evaluation of Mark

Capozzelli.  Pitzel made statements to Defendants' other employees that Pitzel was afraid to "ride" with Mark Capozzelli.  Because Defendants would not allow Karri-Ann Capozzelli (who held a valid Texas Driver's License) to drive the vehicle when Ken Pitzel was making his observation "drive around" or "ride along" with Mark Capozzelli, Plaintiffs were denied a reasonable accommodation for a disability that affected a major life activity of Mark Capozzelli.

20.      In the course of working for Defendants, Plaintiffs discovered that Defendants required their claims adjusters to engage in certain illegal acts.  Defendants instructed Mark Capozzelli to illegally apply caps on paint and material, writing estimates in one manner for repair facilities and the use another method for individual insureds whose damaged vehicle had not been taken to a repair facility, and requiring quotas for after market parts.

21.      The acts described in paragraph 20 were illegal under Texas insurance law.  To the extent the U.S. Mail and the internet was used, these acts constituted violations of the federal mail fraud (18 U.S.C. §1341) and wire fraud (18 U.S.C. §1343) statutes.

22.      On or about March 1, 2013, Mark Capozzelli had a telephone conversation with Ken Pitzel.  Pitzel was due to conduct a ride along observation of Mark Capozzelli's work.  Following Pitzel's instruction, Mark Capozzelli was going to drive the vehicle instead of Karri-Ann Capozzelli.  During the conversation, Mark Capozzelli questioned the illegal policies of Defendants.  Mark Capozzelli and stated that he would not commit the above-described illegal acts.

23.      On March 7, 2011, without any warning or notice that his work was unacceptable, Mark Capozzelli's employment with Defendants was terminated in a telephone conference with Ken Ptizel and Linda McClellan (the Chicago base manager who had authority over all of Defendants' property damage adjusters and supervisors in Texas, including Mark Capozzelli and Ken Pitzel).

**PLAINTIFFS' FIRST AMENDED COMPLAINT**                                        **Page 5**

24.     Mark Capozzelli later discovered that Pitzel had admitted to another Texas adjuster, Anne Yargo, that Pitzel was "afraid to ride" with Capozzelli.  Pitzel also stated that Capozzelli was "out of control".

## CONDITIONS PRECEDENT

25.     Capozzelli filed a charge with the EEOC (Equal Employment Opportunity Commission). The Dallas EEOC completed its investigation of this case on January 15, 2013.  A notice of the right to file a civil action was issued by the EEOC on January 15, 2013, and Plaintiffs received such Notice on January 16, 2013.  Plaintiffs timely filed this lawsuit.  All conditions precedent to the institution of this lawsuit have been fulfilled and all administrative remedies have been exhausted.  This suit was filed within 90 days after the date a notice of the right to file a civil action was received by Plaintiffs and was brought within two years of the date the complaint relating to the action was filed. A copy of the Notice of Right to Sue is attached to this Plaintiffs' First Amended Complaint as Exhibit No. 1.

## RESPONDEAT SUPERIOR AND RATIFICATION

26.     Whenever in this First Amended Complaint it is alleged that Allstate/Encompass, did any act or thing, it is meant that the Allstate/Encompass' officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of Allstate/Encompass, or was done in the normal and routine course and scope of employment of Allstate/Encompass' officers, agents, servants, employees, or representatives.  Ratification includes Ken Pitzel and Linda McClellan's termination of Mark Capozzelli's employment with Defendants.  After Pitzel and McClellan committed the acts complained of herein in their roles as a manager and supervisor on behalf of Allstate/Encompass,

**PLAINTIFFS' FIRST AMENDED COMPLAINT**                                    **Page 6**

Allstate/Encompass obtained full knowledge of the acts of Pitzel and McClellan, and Allstate/Encompass subsequently gave approval and validity to Pitzel and McClellan's past actions.

## FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION UNDER THE ADA AND THE TCHRA

27.    Plaintiffs incorporate by reference all of the allegations set forth in the paragraphs above as if fully set forth at this point herein.

28.    Capozzelli will show that Allstate/Encompass' aforementioned conduct violates Texas Labor Code Section 21.001 *et seq.* and Title I of the ADA. Allstate/Encompass discriminated against Mark Capozzelli and subsequently discharged Mark Capozzelli as a result of his disability, record of said disability, or because Defendants regarded him as disabled. Because of his medical condition, the onset of Alzheimer's disease, Mark Capozzelli has physical impairments that affect the major life activities, such as being able to operate a motor vehicle, that are permanent and will not improve. In spite of Mark Capozzelli's impairment, however, Mark Capozzelli was still qualified to perform his job functions at Allstate/Encompass.    Additionally, Mark Capozzelli asked for an accommodation as a result of his disability. Karri-Ann Capozzelli was initially allowed to drive her husband to his job assignments.  Later, Defendants refused to extend a reasonable accommodation that would allow Mark Capozzelli to continue his employment. Instead of making a reasonable accommodation for Mark Capozzelli, Allstate/Encompass terminated Mark Capozzelli.

29.    As a direct and proximate result of Allstate/Encompass' conduct as set forth herein, Mark Capozzelli and Karri-Ann Capozzelli have suffered actual and compensatory damages, including, but not limited to back pay, front pay, loss of benefits, loss of enjoyment of life, including emotional pain, suffering, inconvenience, and mental anguish, in an amount within the jurisdictional limits of

this Court.  Karri-Ann Capozzelli has lost her community property interest in Mark Capozzelli's employment wages and benefits.

30.     Capozzelli will further show that Allstate/Encompass' conduct as alleged herein was intentional and with malice and/or reckless indifference, entitling Capozzelli to compensatory and punitive damages as allowed by Section 21.2585 of the Texas Labor Code and/or the ADA.

**SECOND CAUSE OF ACTION - IN THE ALTERNATIVE**

**WRONGFUL TERMINATION - REFUSING TO COMMIT AN ILLEGAL ACT**

31.     Plaintiffs reincorporate all allegations contained in paragraphs 1 to 26 above.

32.     In the complete alternative, if such be necessary, Plaintiffs allege that Mark Capozzelli was terminated because of his refusal to perform an illegal act.

33.     Mark Capozzelli was an employee at-will. Defendants had a policy of requiring their adjusters to engage in illegal acts.  Defendants instructed Mark Capozzelli to illegally apply caps on paint and material, writing estimates in one manner for repair facilities and use another method for individual insureds whose damaged vehicle had not been taken to a repair facility, instructing claimants that the claimant had to use a specific repair facility,  and requiring quotas for after market parts.  Defendants hold a Fire and Casualty insurance license issued by the State of Texas and claims adjusters (including Mark Capozzelli) were and are subject to the criminal penalties imposed under the Texas Insurance Code. All of these acts violate Texas Insurance Code §552.001, §552.002, §552.003, §1952.301, §1952.302, and 1952.303 et seq. Any one of these acts would have subjected Mark Capozzelli to Criminal Penalties including prosecution under Texas Insurance Code §552.003, §85.001 and §85.052.  When Mark Capozzelli informed his supervisor, Ken Pitzel, that he would not engage in such illegal acts, Defendants immediately terminated Mark Capozzelli's employment.

**PLAINTIFFS' FIRST AMENDED COMPLAINT**                                        **Page 8**

34.     Additionally, any claims that would have been transmitted by Mark Capozzelli to his employer or any third party using the U.S. Mail or the internet would constituted violations of the federal mail fraud (18 U.S.C. §1341) or wire fraud (18 U.S.C. §1343) statutes.

35.     The act of terminating Mark Capozzelli's employment because he would not comply with Defendant's illegal policies constituted the tort of wrongful termination under Texas law.  See *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985).

36.     Mark Capozzelli was terminated solely because of his refusal to commit an illegal act.

**JURY DEMAND**

37.     Plaintiffs demands a jury trial on all issues, claims, actions, and defenses in this case.

**PRAYER**

WHEREFORE, Capozzelli requests that Defendants be summoned to appear and answer, and that on final trial, judgment be granted against Defendants awarding Capozzelli the following:

1.      Back pay, including but not limited to lost wages, overtime pay, and other employment benefits;

2.      Front pay and benefits;

3.      Liquidated damages;

4.      Actual damages including back pay, future pay, mental anguish, including any damages permitted under Chapter 451 of the Texas Labor Code;

5.      Compensatory damages;

6.      Exemplary and Punitive Damages;

7.      Prejudgment and post-judgment interest, in the maximum amount allowed by law;

8.      Attorneys' fees, as permitted under Section 21.259 of the Texas Labor Code, Title

**PLAINTIFFS' FIRST AMENDED COMPLAINT**                                    **Page 9**

VII, the ADA, 29 U.S.C. §2617(a)(2), and/or 42 U.S.C. §1988;

9.  Expert fees, and costs of suit; and

10.  Such other and further legal and equitable relief to which Mark A. Capozzelli and Karri-Ann Capozzelli may be justly entitled.


Respectfully submitted,

By:/s/John C. Sherwood
John C. Sherwood
The Law Offices of John C. Sherwood
SBN 18254700
2926 Maple Avenue, Suite 200
Dallas, Texas 75201
(214) 696-1100
(214) 740-0112 facsimile

David B. Griffith
SBN 08479300
P.O. Box 864
Gilmer, Texas  75644-0864
(903) 843-5005
(903) 843-5392 facsimile

ATTORNEYS FOR PLAINTIFFS


CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiffs' First Amended Complaint was served on all parties of record by and through their attorney of record via the Federal electronic filing system on June 12, 2013 in accordance with The Federal Rules of Civil Procedure.

s/John C. Sherwood
John C. Sherwood


**PLAINTIFFS' FIRST AMENDED COMPLAINT**                                         **Page 10**

# EXHIBIT NO. 1

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Mark A. Capozzelli
231 Lake Shadows Drive
Gun Barrel City, TX 75156

From: Dallas District Office
207 S. Houston St.
3rd Floor
Dallas, TX 75202

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2011-03718 | Lillie R. Wilson, Enforcement Supervisor | (214) 253-2810 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Janet V. Elizondo,
District Director

1/15/13
(Date Mailed)

Enclosures(s)

cc: Amy Scanlan
Human Resource Sr. Consultant
Allstate Insurance
2775 Sanders Road, F5
Northbrook, IL 60062



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Dallas District Office**

207 S. Houston Street, 3rd Floor
Dallas, TX 75202-4726
Toll Free: 866-408-8075
Potential Charge Inquiries: 800-669-4000
TTY (214) 253-2710
FAX (214) 253-2720
http://www.eeoc.gov

Dallas District Office
  San Antonio Field Office
  El Paso Area Office

**Mr. Mark A. Capozzelli**
**231 Lake Shadows Drive**
**Gun Barrel City, Texas 75156**

Dear Mr. Capozzelli:

This is to advise that we have determined to dismiss your charge of employment discrimination (Chg. No. 450-2011-03718C) against Allstate Insurance. Our assessment of the charge included careful consideration of all the information offered by the employer and you.

As you probably know, in 1995, our agency moved toward a more strategic enforcement approach with the adoption of new priority charge handling procedures which require our staff to make careful decisions to ensure that our available resources are focused on those charges which we believe, based on our extensive experience in interpreting the laws we enforce, are most likely to result in findings of violation. While reasonable persons may differ in their views of the available evidence pertaining to individual charges, the overall effect of our operational approach has been that a very large number of non-meritorious cases have been eliminated from our national workload, allowing for more timely and careful attention to other charges more likely to result in significant civil rights enforcement gains.

Our review of your charge indicated that it is very unlikely that further investigation would yield sufficient evidence to establish a violation of the laws we enforce. The available evidence is insufficient to impugn the validity of the employer's contention that your employment experiences, including your termination, were the result of your unprofessional conduct which caused management to lose confidence in your ability to perform your job and which adversely reflected upon your employer and its employees. The evidence does not support a conclusion that our disability was a factor in your experiences. While not inherently controlling in our evaluation of the charge, we note the absence of significant direct evidence of discrimination and the lack of potentially relevant witnesses who could provide specific, relevant evidence in support of your allegations. Accordingly, we decline to take further action on the charge. The enclosed **Determination and Notice of Rights** represents a final determination by the U.S. Equal Employment Opportunity Commission (EEOC) and describes your right to pursue the matter by filing a lawsuit within 90 days of receipt of the notice. If you fail to file a lawsuit within the statutory 90-day period, your right to sue in federal court will expire and cannot be restored by EEOC.

You may wish to consider consultation with private counsel who specializes in employment law for an assessment of your circumstances and the likelihood of prevailing in any litigation you may initiate. Your local bar association may be able to provide referrals to local attorneys.

We hope this information is helpful to you.

Sincerely,

Janet V. Elizondo
District Director          Date  1/15/13

Enclosure
cc:  John C. Sherwood, Attorney at Law, 2926 Maple Avenue, Suite 200, Dallas, Texas 75201