IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MARK A. CAPOZZELLI and KARRI-ANN CAPOZZELLI<br><br>*Plaintiffs*,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY and ENCOMPASS INSURANCE COMPANY OF AMERICA,<br><br>*Defendants*. | § § § § § § § § § § § § § § § | Civil Action No. 2:13-cv-00260-JRG |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Allstate Insurance Company's ("Allstate")[1] Motion to Dismiss Plaintiffs Mark Capozzelli and Kari-Ann Capozzelli's (collectively, "Plaintiffs") claims against Allstate pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rule of Civil Procedure. (Dkt. No. 20.) Having considered the parties' written submissions, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Allstate's Motion.

I.  **Background**

Plaintiffs, a married couple, filed the original complaint against Defendants, alleging disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA") and the Texas Commission on Human Rights Act

---

[1] Defendant Encompass Insurance Company of America ("Encompass") is allegedly a division of All State Insurance Company.

1

("TCHRA"). (Dkt. No. 1.) Mark Capozzelli, the husband, was employed by Allstate as an insurance adjuster starting in January, 1997. In 2010, Mr. Capozzelli allegedly suffered from heart problems, went through a triple bypass surgery and was diagnosed with Alzheimer's disease. On March 7, 2011, Mark Capozzelli's employment with Allstate was terminated in a telephone conference between himself and his supervisors. Mr. Capozzelli subsequently filed a charge of disability discrimination with the Equal Employment Opportunity Commission ("EEOC"), accusing Allstate of violating the ADA. The Dallas EEOC completed its investigation and dismissed Mr. Capozzelli's charge of discrimination on January 15, 2013. It issued Mr. Capozzelli a notice of the right to file a civil action on the same day.

In this case, upon a first motion to dismiss filed by Allstate, Plaintiffs amended the original complaint, dropping the FMLA and the retaliation claims, and pleading, in the alternative, a common-law wrongful termination claim. (*See* Amended Complaint, Dkt. No. 18.) Plaintiffs' Amended Complaint presents two theories of recovery under the ADA and the TCHRA: Plaintiffs first allege that Allstate/Encompass discriminated against and subsequently discharged Mark Capozzelli as a result of his alleged disability, despite his ability to perform his job functions at Allstate/Encompass (the "employment discrimination claim"), *see* 42 U.S. § 12112(b)(1); Plaintiffs further allege that Allstate has refused to extend "reasonable accommodation" to Mark Capozzelli's alleged disability, by rejecting his request to have Karri-Ann Capozzelli drive him to his job assignments (the "reasonable accommodation claim"), *see* 42 U.S. § 12112(b)(5). (*See* Dkt. No. 18 at ¶ 28.) Thereafter, Allstate filed a second motion to dismiss directed at Plaintiffs' Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[2]

---

[2] By this motion, Allstate moves to dismiss Plaintiffs' ADA and TCHRA claims under 12(b)(1), or alternatively under 12(b)(6), for failure to exhaust administrative remedies. As explained subsequently, this Court follows Fifth Circuit authorities which treat failure to exhaust administrative remedies as a matter of subject matter jurisdiction, and accordingly adjudicates Allstate's request to dismiss Plaintiffs' ADA and TCHRA claims under Rule 12(b)(1).

## II.     Applicable Law

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court.  Fed. R. Civ. P. 12(b)(1).  Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).  The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  *Id.*  Accordingly, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."  *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980)).

## III.    Analysis

Here, Allstate argues that Plaintiffs' claims should be dismissed under Rule 12(b)(1) for two reasons: First, Plaintiff Karri-Ann Capozzelli lacks standing to bring claims against Allstate under the ADA and the TCHRA; and second, Plaintiff Mark Capozzelli has failed to exhaust the administrative remedies for his ADA and TCHRA claims.  The Court now addresses each of these arguments in turn.

### a. Plaintiff Karri-Ann Capozzelli Lacks Standing to Bring Claims Against Allstate Under the ADA and the TCHRA

Plaintiff Karri-Ann Capozzelli's claims are premised on allegations contained in Count I for Disability Discrimination under the ADA and the TCHRA.  (*See* Dkt. No. 18 at ¶ 29.) Plaintiffs allege that as a "direct and proximate result" of Allstate's alleged discriminating conduct, both Mark and Karri-Ann Capozzelli have suffered damages including loss of back pay, front pay, loss of benefits, etc.  It is undisputed that Karri-Ann Capozzelli had no employment

relationship with Allstate, nor has she herself been discriminated against. Plaintiffs' sole argument supporting Karri-Ann Capozzelli's standing is based on her purported community property interest in Mark Capozzelli's lost wages and job related benefits. (*See* Dkt. No. 21 at 4.)

In every federal case, the party bringing the suit must establish standing to prosecute the action. *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 11 (2004). The jurisprudence of standing contains two strands: Article III standing, which enforces the Constitution's case-or-controversy requirement; and prudential standing, which embodies "judicially self-imposed limits on the exercise of federal jurisdiction," including "the general prohibition on a litigant's raising another person's legal rights…and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Id.* at 11-12. Lack of standing is a defect in subject matter jurisdiction, and may be raised at any time by a party or the court. *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan*, 883 F.2d 345, 348 (5th Cir. 1989).

In the context of employment discrimination, a plaintiff lacks standing to state a viable claim, under either the ADA or TCHRA, where the plaintiff is not in an employment relationship with, or an applicant for employment with, the defendant. *See Brennan v. Mercedes Benz USA*, 388 F.3d 133, 135 (5th Cir. 2004) (affirming the district court's granting of summary judgment on student's ADA claims against school because no employment relationship existed between them); *Ridgway's, Inc. v. Payne*, 853 S.W.2d 659, 663 (Ct. App. Tex. 1993) (holding that spouse lacked standing in her individual capacity to bring suit of age discrimination under TCHRA, because "[o]nly the person whose primary legal right has been breached may seek redress for that injury.") (citing *Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex. 1976)); *see also Patton v. United Parcel Service, Inc.*, 910 F. Supp. 1250, 1278 (S.D. Tex. 1995) ("[S]pouses of individuals who have been

victimized by employment discrimination cannot be said to fall within the class of persons Title VII or TCHRA was intended to protect.")

Here, Plaintiff Karri-Ann Capozzelli was never employed by Allstate, nor did she at any time apply for employment with Allstate.  Her only connection with this case is through her community property interest which is solely derived from her marriage with Mark Capozzelli, who was allegedly victimized by Allstate's discriminating conduct.  Plaintiffs have failed to cite to, and this Court is unaware of, any authority holding that a marital relationship alone affords a litigant standing to sue in federal court for employment discrimination directed at his or her spouse.  To the contrary, the case law is clear that, absent an actual or potential employment relationship with the defendant, a spousal plaintiff lacks standing to state a viable ADA or TCHRA claim.  *See Brennan*, 388 F.3d at 135.  Therefore, Plaintiff Karri-Ann Capozzelli lacks standing to bring employment discrimination claims against Allstate based on the alleged discriminating conduct directed at her husband.  The Court accordingly **DISMISSES WITH PREJUDICE** Plaintiff Karri-Ann Capozzelli from this case.[3]

### b. Plaintiff Mark Capozzelli Has Not Exhausted The Administrative Remedies For His Reasonable Accommodation Claim Under the ADA

Allstate next argues that Plaintiffs' reasonable accommodation claim under the ADA should be dismissed, because Mark Capozzelli has failed to exhaust the administrative remedies by asserting such claim in a charge of discrimination.  Plaintiffs argue that Mr. Capozzelli did exhaust the administrative remedies because his EEOC charge included the phrase "reasonable accommodation."

---

[3] Plaintiff Karri-Ann Capozzelli has not asserted her community property interest in the lost wages under the common law wrongful discharge claim.  (*See* Dkt. No. 18 at 8-9.)   Even if she did, however, Plaintiffs have failed to provide any authority holding that a litigant secures standing to sue based solely on the alleged wrongful discharge of his/her spouse.  *Cf. Elk Grove*, 542 U.S. at 12 (holding that the prudential standing requirement embodies "the general prohibition on a litigant's raising another person's legal rights.").

It is axiomatic within the Fifth Circuit that a complainant must first have exhausted his administrative remedies before filing a civil action under the ADA. *See Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990) (examining a Title VII claim); *see also Atkins v. Kempthorne*, 353 F. App'x 934, 936 (5th Cir. 2009) (same) (citing *Tolbert*, 916 F.2d at 247). Failure to comply with this requirement deprives the district court of subject matter jurisdiction over the case. *Tolbert*, 916 F.2d at 247 (citing *Brown v. Dept. of Army*, 854 F.2d 77, 78 (5th Cir. 1988); *Porter v. Adams*, 639 F.2d 273, 276 (5th Cir. 1981)). The requirement that a complainant must first exhaust the administrative remedies, "broadly speaking, in effect limits the civil action to that range of issues that would have been the subject matter of the conciliation efforts between the EEOC and the employer." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 467 (5th Cir. 1970). In other words, "the scope of the judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 466. Therefore, to determine whether Plaintiff Mark Capozzelli has exhausted the administrative remedies for his reasonable accommodation claim, the Court must determine whether such claim is within the scope of the EEOC investigation which "can reasonably be expected to grow out of" Mr. Capozzelli's charge of discrimination. *Id.*

Here, Mr. Capozzelli filed a charge of discrimination with the EEOC in June 2011, three months after his employment with Allstate was terminated. (*See* Dkt. No. 21-1) The charge of discrimination primarily centered around an alleged phone conversation between Mr. Capozzelli and his supervisor that preceded his employment termination, as well as Mr. Capozzelli's physical conditions that rendered him a "qualified individual" under the ADA. (*See* Dkt. No. 21.) In the charge, Mr. Capozzelli accused Allstate of violating the ADA, "in that it is unlawful for an employer to discriminate against a qualified individual with a disability." (Dkt. No. 21-1 at 3.)

6

Specifically, while "Mr. Capozzelli's physical or mental disabilities in no way diminish his right to fully participate in all aspects of society…he has been precluded from doing so as he has a disability, has been regarded as having a disability, and been subjected to discrimination." (*Id.* at 3-4.) The phrase "reasonable accommodation" appears only once in the charge, where Mr. Capozzelli was described as "a qualified individual with disability inasmuch as he is able, *with or without reasonable accommodation*, not just to perform, but to excel in the essential functions of" his position.[4] (*Id.* at 3.)

Plaintiff argues that he had presented a reasonable accommodation claim to the EEOC by including the term "reasonable accommodation" in the charge of discrimination. This Court disagrees. Under 29 C.F.R. § 1601.12(a)(3), each charge should contain "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." While the administrative charge, rarely drawn by an attorney, must be viewed "in its broadest reasonable sense," "the only absolutely essential element of a timely charge of discrimination is the allegation of fact contained therein." *Sanchez*, 431 F.2d at 463, 467. In this case, Plaintiff's reasonable accommodation claim is based on the factual allegation that he had asked for and had been denied permission to have Karri-Ann Capozzelli drive him to job assignments, as a reasonable accommodation to his alleged disability. (*See* Dkt. No. 18 at ¶¶ 17, 28.) Such factual allegation, however, appears nowhere in Plaintiff's charge of discrimination. Absent the underlying factual allegation, a passing reference to the phrase "reasonable accommodation" fails to establish a claim that Allstate refused to accommodate Mr. Capozzelli's disability. *See* 29 C.F.R. § 1601.12(a)(3); *Sanchez*, 431 F.2d at 463. In other words, Plaintiff's charge has failed to put the EEOC on notice about Allstate's alleged failure to accommodate, and

---

[4] The cited language is the statutory definition of "qualified individual" under the ADA. *See* 42 U.S.C. § 12111(8).

the need to investigate the same. *Id.* at 463, 466. Plaintiff's reasonable accommodation claim therefore falls outside "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 466. Such claim must be dismissed for lack of subject matter jurisdiction, because it has never been properly presented to the EEOC. *See id.*; *Tolbert*, 916 F.2d at 247.

### c. Plaintiff's Reasonable Accommodation Claim Should be Dismissed Without Prejudice

A claim for discrimination under the ADA may be dismissed without prejudice for failure to exhaust administrative remedies, when Plaintiff can still cure the defect by amending the complaint. *See Paulino v. United States*, 5:08-CV-110, 2010 WL 3339227, at *1 (E.D. Tex. Mar. 4, 2010) *report and recommendation adopted*, 5:08-CV-110, 2010 WL 3339234 (E.D. Tex. Aug. 23, 2010). Here, because EEOC investigation is a prerequisite to filing a civil action, whether or not Plaintiff can cure the defect of failure to exhaust hinges on his ability to present the reasonable accommodation claim to the EEOC.

Pursuant to 42 U.S. Code § 2000e–5, Plaintiff must file a charge with the EEOC within 180 days (or 300 days when complainant has initially instituted proceedings with a state or local agency) after the alleged unlawful employment practice occurred. *See Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 976 (N.D. Tex. 2011). Allstate's alleged failure to accommodate took place no later than March 7, 2011, when Plaintiff Mark Capozzelli was terminated. (*See* Dkt. No. 18 at ¶ 23.) Having failed to raise the reasonable accommodation claim in his original charge of discrimination, Plaintiff is now time-barred to file a new charge with the EEOC based on such claim.

Plaintiff can only attempt to present the reasonable accommodation claim to the EEOC by amending his original charge of discrimination. 29 C.F.R. § 1601.12(b) ("A charge may be

8

amended to cure technical defects or omissions ... or to clarify and amplify allegations made therein. Such amendments ... related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received."). Several district courts within the Fifth Circuit have held that an EEOC charge cannot be amended where, as here, the EEOC has terminated the processing of a plaintiff's charge, issued a right-to-sue letter, and the plaintiff has filed a civil action. *See, e.g.*, *Hazeur v. Fed. Warranty Serv. Corp.*, No. 99–3156, 2000 WL 365013, at *2 (E.D. La. Apr. 7, 2000) (holding that in such circumstances, there is "no longer a viable charge pending before the EEOC that is capable of amendment.") (citing *Balazs v. Liebenthal*, 32 F.3d 151, 157 (4th Cir. 1994)); *Lowe v. Am. Eurocopter, LLC*, 1:10CV24-A-D, 2010 WL 5232523, at *3 (N.D. Miss. Dec. 16, 2010). However, the Fifth Circuit has not specifically taken up or spoken to this issue. Moreover, while the issuance of a notice of right to sue generally terminates any further proceeding on a complainant's charge of discrimination, the EEOC has the authority to further process the charge if it has determined that doing so "would effectuate the purpose of…the ADA." 29 C.F.R. § 1601.28. Given the absence of direct authority from the Fifth Circuit, and the possibility that the EEOC may further process Mr. Capozzelli's charge pursuant to 29 C.F.R. § 1601.28 "to effectuate the purpose of…the ADA," this Court is reluctant to hold, as a matter of law, that Plaintiff is forever precluded from asserting the reasonable accommodation claim before the EEOC, or that the defect of failure to exhaust cannot be cured in this case. To do so would essentially amount to this Court, and not the EEOC, making a determination that such an amendment would not effectuate the purpose or policy of the ADA. The EEOC is in the best position to make this determination in a fair and reasonable way. Therefore, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's reasonable accommodation claim for failure to exhaust administrative remedies. Plaintiff may re-file such

claim if and when the EEOC has allowed an amendment to his existing charge of discrimination and then made a final determination on such amended claim.

### d. Plaintiff Mark Capozzelli Has Failed to Exhaust the Administrative Remedies For His TCHRA Claims

Like the ADA, the TCHRA also imposes on complainants a requirement to first exhaust the state administrative remedies and to obtain a right to sue letter from the Texas Commission on Human Rights ("TCHR"), before filing a civil action. *See Jones v. Grinnell Corp.*, 235 F.3d 972, 975 (5th Cir. 2001). The Fifth Circuit has held that an EEOC right to sue letter is not interchangeable with a TCHR right to sue letter for purpose of filing a civil action. *Id.* at 974-75.

In this case, Plaintiff never alleged that he had filed a complaint with TCHR, much less obtained a TCHR right to sue letter. Plaintiff cannot state a viable claim under the TCHRA against Allstate, because he has not exhausted the state administrative remedies. *See id.* at 975. Unlike the curable failure to exhaust under the ADA, here Plaintiff cannot cure the defect of failure to exhaust under the TCHRA, because he never filed any complaint with the TCHR and the statute of limitations for filing a TCHR complaint has run. Tex. Lab. Code Ann. § 21.202(a); *Specialty Retailers, Inc. v. DeMoranville,* 933 S.W.2d 490, 492 (Tex. 1996) ("Texas law requires that a complaint of unlawful employment practices be filed with the Equal Employment Opportunity Commission or the Texas Commission on Human Rights within 180 days after the alleged unlawful employment practice occurred."). Therefore, Plaintiff's claims under the TCHRA are **DISMISSED WITH PREJUDICE** for failure to exhaust administrative remedies.

### e. Plaintiff Mark Capozzelli's Employment Discrimination Claim Under The ADA And Common Law Claim For Wrongful Termination Properly Remain in This Case

As noted above, aside from the reasonable accommodation claim, Plaintiff has additionally asserted an employment discrimination claim under the ADA. Plaintiff alleges that Allstate

10

discriminated against and subsequently discharged him "as a result of his disability, record of said disability, or because Defendants regarded him as disabled," despite his ability to perform his job functions at Allstate. (*See* Dkt. No. 18 at ¶ 28.) Plaintiff's employment discrimination claim falls squarely within the scope of the EEOC charge of discrimination. (*See* Dkt. No. 21.) A notice of right to sue has also been issued for such claim. Therefore, Plaintiff has exhausted the administrative remedies with respect to the employment discrimination claim, and such claim is properly before this Court. Defendant has recognized such by not seeking dismissal in this regard.

In the Amended Complaint, Plaintiff also pleads, in the alternative, a common law wrongful termination claim, based on his alleged refusal to commit an illegal act. (*See* Dkt. No. 18 at 8-9.) Allstate has not moved to dismiss this alternative claim.[5]

### IV. Conclusion

For the reasons stated above, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Allstate's Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6). Plaintiff Karri-Ann Capozzelli is hereby **DISMISSED WITH PREJUDICE** from this case due to her lack of standing. Plaintiff Mark Capozzelli's TCHRA claims are **DISMISSED WITH PREJUDICE** for failure to exhaust administrative remedies. Plaintiff Mark Capozzelli's ADA claims, insofar as they are premised on Allstate's alleged failure to make reasonable accommodation, are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies, and he may seek an amendment of his existing charge of discrimination with the EEOC in this regard. Plaintiff Mark Capozzelli's employment discrimination claim under the ADA and his common-law wrongful termination

---

[5] Allstate argues that "Plaintiff cannot state a claim for retaliation under the ADA or the TCHRA because he has failed to exhaust administrative remedies." (Dkt. No. 20 at 8.) Plaintiff's Amended Complaint, however, does not include a claim for retaliation under the ADA or the TCHRA. Any such retaliation claim was abandoned when Plaintiff amended his complaint and dropped the same.

claim remain in place and ongoing in this case.

**So Ordered and Signed on this**

**Feb 24, 2014**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE